UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

IRVING E. GOTTSCHALK,
Acting Regional Director
of the Thirtieth Region of the
National Labor Relations Board,
for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

        Petitioner,

        v.                                  Case No. 06-C-0129

SRC PAINTING, LLC,
PBN, LLC,
LIQUID SYSTEMS,
JAMES WIERZBICKI,
EDMUND WIERZBICKI,
ERIC WIERZBICKI,
ERIN WIERZBICKI,

        Respondents.

---

**ORDER GRANTING TEMPORARY INJUNCTION PURSUANT TO SECTION 10(J)
OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED
[19 U.S.C. SECTION 160(J)]**

        On January 31, 2006, after sufficient notice, this court held a hearing at the request of Irving E. Gottschalk, the Acting Regional Director, Region 30, of the National Labor Relations Board, to determine whether a temporary injunction against the above-named respondents (Respondents) should issue. Appearing telephonically were Attorney Miann B. Navarre for the Petitioner; Attorneys Franklyn M. Gimbel, specially for Respondents Eric and James Wierzbicki, Frederick L. Zievers, specially for Respondent Erin Wierzbicki, and Piermario Bertolotto, specially for Respondents Liquid Systems and Edmund Wierzbicki. Respondents SRC Painting, LLC and PBN, LLC were not represented.

To prevail on a motion for a preliminary injunction, the Petitioner must establish (1) a likelihood of success on the merits of at least one of the Petitioner's claims; (2) that there is no adequate remedy at law; and (3) that the Petitioner will suffer irreparable harm if the injunction is not granted. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002); *see also Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). If these three conditions are met, the court must balance the harm to the Petitioner if the injunction is not issued against the harm to the Respondents if it is issued. *Storck v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994). This balancing involves a sliding scale analysis: the greater the Petitioner's chances of success on the merits, the less strong a showing the Petitioner must make that the balance of harm is in the Petitioner's favor. *Id.*

Based upon the submissions, including the statements of counsel at the January 31 telephonic hearing, the court finds :

1. The Petitioner and Respondents are parties in consolidated cases 30-CA-16577 and 30-CA-16813 before the National Labor Relations Board (NLRB), wherein the Petitioner seeks an order, pursuant to 29 U.S.C. §160(c), a finding that the Respondents have engaged in unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the National Labor Relations Act (the Act), and monetary as well as injunctive relief.

2. There is a strong likelihood that the Petitioner will prevail in the pending NLRB proceedings, inasmuch as a September 16, 2005, decision of Administrative Law Judge (ALJ) Irving E. Gontram determined that (1) Respondent Liquid Systems is an alter ego of Respondents SRC Painting and PBN; (2) Respondent PBN is

2

the alter ego of Respondent SRC Painting; (3) Respondents SRC Painting, PBN and Liquid Systems engaged in unfair labor practices, including discharge of an employee because of his protected union activity; (4) the individual Respondents, James, Eric, Erin and Edmund Wierzbicki are personally liable for any unfair labor practices of the corporate Respondents in violation of Section 8(a)(1), (3) and (5) of the Act; (4) Respondent PBN violated Section 8(a)(1) and (3) of the Act; (5) Respondents SRC Painting, PBN and Liquid Systems violated Section 8(a)(1) and (5) of the Act; and (6) that the Respondents' minimum liability to the charging parties in the consolidated cases is at least $395,041.92. Respondents, other than Liquid Systems, have not taken exception to the ALJ's factual and legal findings.

3. There is no adequate remedy at law, because the Respondents have failed to produce sufficient records in the consolidated cases demonstrating that they are not dissipating assets and receipts necessary to satisfy a Board order that they pay backpay and make past due payments to various union funds for which they likely may be liable.

4. The equities favor the Petitioner, because payments that may be ordered by the Board cannot be made if the Respondents dissipate or encumber their assets before the Board issues its final order.

5. Lastly, the public interest is furthered by ensuring that the Board's decision will not be frustrated as a result of any actions by the Respondents pending the conclusion of the consolidated cases.

Now, therefore,

3

Case 2:06-cv-00129-CNC   Filed 02/01/06   Page 3 of 4   Document 12

IT IS ORDERED that Respondents and their representatives, agents, servants, employees, attorneys, and all persons acting in concert or participation with them are enjoined from selling, transferring, alienating, pledging, encumbering, assigning, dissipating, distributing to owners, officers, shareholders or beneficiaries or otherwise disposing of any of Respondents' assets, except in the regular course of business conducted through arm's length transactions.

IT IS FURTHER ORDERED that Respondents retain and make available for inspection by the Petitioner and the court any ledgers and records, including but not limited to, sales receipts, purchase orders, statements, invoices, checks, loan agreements, and financial transactions that they and their representatives, agents, servants, employees, attorneys, and all persons acting in concert or participation with them from the date of this order.

IT IS FURTHER ORDERED that the parties appear for a preliminary injunction hearing in Courtroom 222, U. S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, on March 1, 2006, at 2:00 p.m., or as soon thereafter as the parties may be heard.

IT IS FURTHER ORDERED that this temporary injunction shall remain in effect until the conclusion of the preliminary injunction hearing.

Dated at Milwaukee, Wisconsin, on this 1st day of February, 2006, at 6:26 p.m.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge